UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI – CIVIL DIVISION
CASE NO. 1:20-cv-23771-KMM

Segundo Toste, individually,

      Plaintiff,

v.

The Beach Club at Fontainebleau Condominium
Association, Inc., a Florida corporation, Russell
S. Jacobs, P.A., a Florida corporation, a/k/a The
Jacobs Law Group, Pablo A. Arriola,
individually, and Scott R. Shapiro, individually,

      Defendants.

_____/

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS**

Plaintiff, Segundo Toste, ("Toste"), by and through his undersigned counsel, hereby files

his Reply to Defendants' Response to Plaintiff's Motion for Contempt (ECF No. 379] and in

support thereof, states as follows:

1.      On April 13, 2026, Plaintiff filed his Motion for Contempt and Sanctions

("Motion") [ECF No. 376] following Defendants, Russell S. Jacobs, P.A. a/k/a The Jacobs Law

Group ("Firm"), Pablo A. Arriola ("Arriola") and Scott R. Shapiro's  ("Shapiro") (collectively,

"Defendants"), failure to comply with the Report and Recommendation [ECF No. 374] as adopted

by the Court in ECF No. 375, awarding Plaintiff $319,152.50 for attorneys' fees incurred at the

district court level, $35,485.00 for attorneys' fees incurred in bringing his appeal before the

Eleventh Circuit Court of Appeals, and taxable costs in the amount of $9,738.99.

2.      Defendants filed their Response to the Motion on May 11, 2026 ("Response"). ECF

No. 378 (Order Granting Enlargement of Time); ECF No. 379.

3. Such Response included three exhibits: Ex. 1 – the Declaration of Pablo Arriola , ECF No. 379-1; Ex. 3 – the Declaration of Scott Shapiro, ECF No. 379-2;[1] and Ex. 3, an April 27, 2026 email from Russomanno & Borrello, P.A., offering $100,000 to settle the matter on behalf of all three defendants. ECF No. 379-3.

4. There was no Declaration filed in support of the Response filed on behalf of the Firm, by its principal Russell S. Jacobs, or otherwise.

5. On the same day the Response was filed, undersigned counsel was contacted by another firm representing only the Firm: Morgan B. Edelboim, Esq. of  Edelboim Lieberman PLLC, which to date has not filed an appearance in this case.

6. As set forth in Toste's request for an extension of time to reply (ECF No. 380], Toste and the Firm (through Edelboim Lieberman PLLC, not Russomanno & Borrello, P.A.) engaged in settlement negotiations in an attempt to amicably resolve the issues raised in the Motion without judicial intervention.

7. On May 18, 2026,  the Firm expressed its intent to settle on certain terms.

8. Based on such representation, Toste requested, and on May 19, 2026, this Court granted Toste's request for an extension of time to file the instant Reply. ECF No. 381.

9. However, nothing further has been received from the Firm despite Plaintiff's counsel's numerous follow-up missives.

## ARGUMENT AND MEMORANDUM OF LAW

Courts have inherent power to enforce compliance with their lawful orders through civil contempt….Civil contempt is remedial; the penalty serves to enforce compliance with a Court order or to compensate an injured party….In a civil contempt proceeding, the petitioning party bears the burden of establishing by "clear and convincing" proof that the underlying order was violated…. However,

---

[1] The two declarations, both sworn to under penalty of perjury, are hereinafter referred to as the "Declarations."

once the moving party makes a prima facie showing that the court order was violated, the burden of production shifts to the alleged contemnor to show a "present inability to comply that goes 'beyond a mere assertion of inability....'

Therefore, the focus of the court's inquiry in civil contempt proceedings is not on the subjective beliefs or intent of the alleged contemnors in complying with the order, but whether in fact their conduct complied with the order at issue…. Conduct that evinces substantial, but not complete, compliance with the court order may be excused if it was made as part of a good faith effort at compliance…. Therefore, under the Eleventh Circuit's case law, the alleged contemnor may avoid a contempt finding by showing an inability to comply or a good faith effort to comply….While inability to pay is a defense to civil contempt, inability to pay is not a defense if the contemnor created the inability.

*S.E.C. v. Solow*, 682 F. Supp. 2d 1312, 1325 (S.D. Fla. 2010) (internal citations omitted.)

Defendants do not dispute that the Order was violated or that the Order was clear and unambiguous. ECF No. 379 ¶2. Defendants assert only an inability to pay. However, Defendants have failed to meet their burden where the Response fails to provide any basis upon which to deny the relief sought by Toste.

### *Arriola and Shapiro*

Arriola's and Shapiro's Declarations are carefully drafted to say everything except the one thing that matters: whether the affiants actually possess, control, earn, receive or can access sufficient funds to comply with the Order. That omission is fatal. Defendants cannot assert an inability to pay while simultaneously refusing to provide competent financial evidence demonstrating that actual inability as opposed to mere inconvenience, preference, or strategic nonpayment.

The two self-serving Declarations are legally and factually insufficient to establish any true inability to satisfy Arriola's and Shapiro's respective payment obligations under the Order where they conclusively assert financial hardship while simultaneously omitting the competent financial evidence the Court requires to make such a determination as to Arriola and Shapiro, respectively.

*See Fed. Trade Com'n v. Leshin,* No. 06-61851-CIV-UNGARO, 2011 WL 617500, at *21 (S.D. Fla. Feb. 15, 2011), report and recommendation adopted, No. 06-61851-CIV-UNGARO, 2011 WL 845065 (S.D. Fla. Mar. 8, 2011) ("In order to succeed on the inability defense, the alleged contemnor "must go beyond a mere assertion of inability," and establish that he has made "in good faith all reasonable efforts" to meet the terms of the court order he is seeking to avoid. Courts construe this requirement strictly, and thus even if the efforts made by defendants are "substantial," "diligent" or "in good faith," the fact that a defendant did not make "all reasonable efforts" to comply with the order, establishes that the defendant has failed to rebut the showing of contempt. Thus, Defendants must show "categorically and in detail" why they are unable to comply.") (internal citations omitted); *see also Sec. & Exch. Comm'n v. Monterosso*, No. 07-61693-CIV, 2015 WL 13239830, at *7 (S.D. Fla. July 29, 2015), report and recommendation adopted, No. 07-61693-CIV, 2015 WL 13239831 (S.D. Fla. Nov. 6, 2015) ("Where the sole evidence presented by a defendant was his own testimony that he had no money, the court is not bound to accept his unsubstantiated self-serving testimony as true.").

Evidence of inability to pay which the Court can consider includes but is not limited to cash flow statements, bank statements, income tax returns, cash on hand, income streams, receivables, present earnings, anticipated revenues, distributions, bonuses, incentives, retained earnings or other sources of compensation, all of which is missing. Also notable is the complete lack of any information whatsoever related to monthly expenses.

The Declarations establish neither insolvency nor illiquidity, but merely Arriola's and Shapiro's unexplained refusal to provide transparent financial disclosure to this Court. Instead, Arriola and Shapiro ask this Court to blindly accept their claims of inability to pay while withholding the very financial information necessary to support those claims on behalf of each

Defendant. The deficiency is even more glaring given that each affiant is an actively practicing attorney who, by his or her own professional status, presumptively derives ongoing income from the practice of law, yet neither discloses present income, firm distributions, contingency recoveries, partnership draws, accounts receivable, or borrowing capacity. Their Declarations are thus each carefully constructed to imply financial incapacity while avoiding any transparent disclosure of their actual finances.

Arriola is the named principal of The Law Office of Pablo A. Arriola, P.A., a fact which is not disclosed in his Declaration: arriolapa.com.  He is also a partner of the law firm AR Law Group, PLLC, *see* https://arlawgroupflorida.com/, which holds itself out as having "[s]uccessfully resolved over 850 cases, demonstrating our expertise and effectiveness: and having "[s]erved the needs of 900+ clients, providing personalized solutions and dedicated support." *See* https://arlawgroupflorida.com/about-us/;       see       also       the       Florida       Bar       website: https://www.floridabar.org/directories/find-mbr/?lName=Arriola&fName=Pablo&sdx=N&eligible=N&deceased=N&pageNumber=1&pageSize=10

Shapiro, according to the Florida Bar's website, is employed by the Law Office of Sebastian          Ohanian.          *See*          https://www.floridabar.org/directories/find-mbr/?lName=Shapiro&fName=Scott&sdx=N&eligible=N&deceased=N&pageNumber=1&pageSize=10, although he does not appear on that firm's website:  https://www.ohanianlegal.com/

Yet neither Arriola nor Shapiro discloses present earnings, anticipated receivables, partnership draws, contingency recoveries, retained earnings, distributions, or any other income stream from their legal practices. Nor do they explain why such information — uniquely within their possession and control — has been withheld from the Court.

For these reasons, without any competent evidence demonstrating actual inability to pay — as opposed to inconvenience or preference — Toste's Motion should be granted as to Arriola and Shapiro.

### *The Firm*

As to the Firm, its principal, Russell S. Jacobs, provided no Declaration or sworn testimony to the Court, nor did he provide any evidence at all to the Court to demonstrate the financial inability to pay claimed in the Response: no bank statements, no operating account statements, no cash flow analyses, no balance sheets, no tax returns, no income statements – in short, no competent evidence demonstrating insolvency or an inability to pay.

Notably, counsel for the Firm in the Response explicitly separated himself from the representations made by his client to the Court by stating that "…the law firm provided Plaintiff's counsel its Financial Statement which, *according to the law firm*, reflects that (i) the law firm does not have the financial ability to pay and comply with the Court's Order [DE 375] awarding Plaintiff attorney's fees and costs in the amount of $364,376.49, and that (ii) the law firm's liabilities exceed its assets." ECF No. 379 ¶3 (emphasis added). That Financial Statement was not provided to the Court by the Firm.

If the Firm truly lacked the ability to pay, documentary proof would have been straightforward. Its refusal to provide it strongly suggests the opposite. In any case, the record is entirely devoid of any evidence whatsoever upon which the Court could conclude that the Firm lacks the financial ability to comply with the Order.

The Declarations and Response here establish neither insolvency nor incapacity. At most, they establish a calculated refusal to provide transparent financial disclosures while simultaneously seeking equitable relief predicated upon alleged inability to pay. Put differently, Defendants

carefully say everything except the one thing that matters: what funds they actually possess, control, earn, receive, or can access. That omission is not incidental; it is dispositive. Defendants cannot invoke inability to pay as both sword and shield by raising the assertion and then withholding the underlying financial evidence necessary to substantiate the claim. The Court should therefore accord the Declarations little, if any, evidentiary weight and grant the requested relief accordingly.

**CONCLUSION**

The Response and Declarations demonstrate a complete absence of competent, particularized financial evidence to support any claim of financial inability to pay by any of the Defendants. This Court is not required to grant any credence to strategic, conclusory affidavits designed to imply insolvency while making every effort to avoid financial transparency. If Defendants each genuinely lacked the financial ability to pay on the Order as they claim, competent documentary proof would have been simple to provide. Their failure to do so speaks volumes.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter an Order granting Plaintiff's Motion for Contempt and Sanctions, awarding Plaintiff his attorney's fees incurred in seeking the instant relief, and granting any and all other relief this Court deems just and proper in light of the foregoing. Alternatively, Plaintiff requests leave to conduct discovery to explore Defendants' assertions of inability to pay, followed by an evidentiary hearing on same for the Court to weigh the evidence and rule on the Motion.

Respectfully submitted,

| | |
|---|---|
| By:___/s/ Thais Hernandez____ | By:___/s/ Alejandro Vilarello____ |
| Thais Hernandez, Esq. | Alejandro Vilarello, Esq. |
| Florida Bar No. 180998 | Florida Bar No. 358177 |
| The Law Firm of | Alejandro Vilarello, P.A. |
| Thais Hernandez, Esq. | 16400 NW 59th Avenue, 2nd Fl. |
| 8004 N.W. 154 Street #414 | Miami Lakes, FL 33014 |

| | |
|---|---|
| Miami Lakes, Florida  33016<br>Telephone:  786.923.0850<br>Email: thais@thernandezlaw.com<br>*Attorney for Plaintiff Segundo Toste* | Telephone: 305.827.5665 x: 148<br>E-Fax.    786.429.0957<br>Cell:        305.299.5550<br>Email: avlaw@vilarello.com<br>*Attorney for Plaintiff Segundo Toste* |
| By:  /s/ Anthony Dieguez<br>Anthony Dieguez, Esq.<br>Florida Bar Number: 155409<br>Attorney E-mail Address:<br>anthony@dieguezlaw.com<br>Rebekah E. Guerrero, Esq.<br>Florida Bar Number: 1002231<br>Attorney E-mail Address:<br>rebekah@dieguezlaw.com<br>Dieguez & Associates, PLLC<br>7950 NW 155 Street, Suite 207<br>Miami Lakes, FL 33016<br>Telephone: (305) 556-4106<br>Fax: (305) 362-3902<br>*Attorney for Plaintiff Segundo Toste* | By:      /s/ Craig B. Shapiro<br>Craig B. Shapiro, Esq.<br>Florida Bar No. 105295<br>Solomon Cooperman Recondo Shapiro Abril<br>& Wolfe LLP<br>*Attorney for Plaintiff Segundo Toste*<br>1100 Brickell Bay Drive, 52nd Floor<br>Miami, Florida 33131<br>Telephone: (305) 358-1542<br>Email: cshapiro@sfllp.com<br>Secondary Email: jerry@algpl.com |

## CERTIFICATE OF SERVICE

I certify that on May 26, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all parties and/or counsel of record identified on the below Service List, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:     */s/ Craig B. Shapiro*
CRAIG B. SHAPIRO, ESQ.

## SERVICE LIST

| | |
|---|---|
| Thais Hernandez, Esq.<br>Florida Bar No. 180998<br>The Law Firm of<br>Thais Hernandez, Esq.<br>8004 N.W. 154 Street #414<br>Miami Lakes, Florida  33016<br>Telephone:  786.923.0850<br>Email: thais@thernandezlaw.com<br>*Attorney for Plaintiff Segundo Toste* | Alejandro Vilarello, Esq.<br>Florida Bar No. 358177<br>Alejandro Vilarello, P.A.<br>16400 NW 59th Avenue, 2nd Fl.<br>Miami Lakes, FL 33014<br>Telephone: 305.827.5665 x: 148<br>E-Fax.    786.429.0957<br>Cell:        305.299.5550<br>Email: avlaw@vilarello.com<br>*Attorney for Plaintiff Segundo Toste* |

| | |
|---|---|
| Anthony Dieguez, Esq.<br>Florida Bar Number: 155409<br>Attorney E-mail Address:<br>anthony@dieguezlaw.com<br>Rebekah E. Guerrero, Esq.<br>Florida Bar Number: 1002231<br>Attorney E-mail Address:<br>rebekah@dieguezlaw.com  DIEGUEZ &<br>ASSOCIATES, PLLC.<br>7950 NW 155 Street, Suite 207<br>Miami Lakes, FL 33016<br>Telephone: (305) 556-4106<br>Fax: (305) 362-3902<br>*Attorney for Plaintiff Segundo Toste* | Craig B. Shapiro, Esq.<br>Florida Bar No. 105295<br>Solomon Cooperman Recondo Shapiro Abril &<br>Wolfe LLP<br>Attorney for Plaintiff Segundo Toste<br>1100 Brickell Bay Drive, 52nd Floor<br>Miami, Florida 33131<br>Telephone: (305) 358-1542<br>Email: cshapiro@sfllp.com<br>Secondary Email: jerry@algpl.com |
| Herman J. Russomanno III<br>Florida Bar Number 21249<br>Herman2@russomanno.com<br>Russomanno & Borrello, P.A.<br>Museum Tower – Penthouse 2800<br>150 West Flagler Street<br>Miami, FL 33130<br>Telephone: (305)373-2101<br>Facsimile: (305)373-2103<br>*Counsel for Defendants Russell S. Jacobs,*<br>*P.A. and Scott R. Shapiro* | Pablo A. Arriola, Esq.<br>Florida Bar Number 1019702<br>pablo@arlawgroupfl.com<br>AR Law Group PLLC<br>8785 SW 165th Avenue Suite 103<br>Miami, FL 33193-5827<br>Telephone: (786)808-7710<br>Facsimile: (786)808-7710<br>*Counsel for Defendant Pablo A. Arriola* |